*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

V

RAYMOND CRISTOPHER BARRIOS,

        Defendant-Appellant.

UNPUBLISHED
March 09, 2026
1:26 PM

No. 369418
Kent Circuit Court
LC No. 23-000906-FC

Before: LETICA, P.J., and BORRELLO and RICK, JJ.

PER CURIAM.

Defendant appeals as of right his jury trial convictions of first-degree murder, MCL 750.316(a); conspiracy to commit first-degree murder, MCL 750.316 and MCL 750.157a; assault with intent to commit murder, MCL 750.83; commission of a felony in association with gang membership, MCL 750.411u; felon in possession of a firearm, MCL 750.224f; carrying a concealed weapon, MCL 750.227; and four counts of carrying a firearm during the commission of a felony, MCL 750.227b. The trial court sentenced defendant to life imprisonment without the possibility of parole for the first-degree murder and conspiracy to commit first-degree murder convictions, along with consecutive and concurrent sentences for the remaining convictions. We affirm.

## I. FACTUAL BACKGROUND

This case arises from a gang-related shooting at a public fireworks display. It happened in July 2019, in Grand Rapids, Michigan. The evidence at trial established that Saul Espinoza, a member of a rival gang, and his girlfriend, Katia Garcia, drove through a parking area adjacent to the event as crowds were dispersing. While in the parking area, Espinoza and Garcia encountered a group of approximately 10 to 15 men. Espinoza became visibly nervous and indicated to Garcia that the group appeared to be members of the Latin Kings gang. Espinoza retrieved a handgun from the vehicle's center console and placed it between his legs.

Garcia testified that members of the group stared intently at Espinoza and that she heard statements to the effect of "there he goes" and that it was "going to be the end of him." After leaving the parking area, Espinoza and Garcia were stopped in heavy traffic. Garcia then observed

-1-

two men approaching the vehicle from the driver's side with firearms raised. Moments later, multiple shots were fired into the vehicle. Garcia sustained a gunshot wound to her back and a grazing injury to her arm. Espinoza was struck by a fatal gunshot wound and later pronounced dead.

Numerous bystanders witnessed the shooting. Several described the shooter as a Hispanic man wearing a plain white T-shirt and shorts, standing at or near the driver's side of the vehicle and firing multiple shots. Surveillance video from a nearby business captured portions of the incident, including individuals pursuing the victim's vehicle, gunfire reactions by the crowd, and a man in a white T-shirt fleeing the scene immediately after the shooting.

The prosecution presented trial testimony from multiple members and associates of the Latin Kings gang who were present that night. These witnesses testified that defendant was among the group, participated in pursuing Espinoza's vehicle, and fired shots at the vehicle. Additional evidence established that defendant fled to Guatemala following the incident and was later extradited to Michigan. After a multi-day jury trial, defendant was convicted on all counts. This appeal followed.

## II. ANALYSIS

## A. SUFFICIENCY OF THE EVIDENCE

Defendant first asserts that the prosecution presented insufficient evidence at trial to support his convictions of first-degree murder and conspiracy to commit first-degree murder. We review a challenge to the sufficiency of the evidence supporting a defendant's conviction de novo. *People v Meissner*, 294 Mich App 438, 452; 812 NW2d 37 (2011). "We view the evidence in the light most favorable to the prosecution to determine whether a rational trier of fact could have found the essential elements of the crime to have been proved beyond a reasonable doubt." *Id*. "[A] reviewing court is required to draw all reasonable inferences and make credibility choices in support of the jury verdict." *People v Nowack*, 462 Mich 392, 400; 614 NW2d 78 (2000). Additionally, "[i]t is for the trier of fact, not the appellate court, to determine what inferences may be fairly drawn from the evidence and to determine the weight to be accorded those inferences." *People v Hardiman*, 466 Mich 417, 428; 646 NW2d 158 (2002).

## 1. FIRST-DEGREE MURDER

Regarding his conviction of first-degree murder, defendant contends that the evidence was insufficient to identify him as the individual who shot Espinoza and Garcia. We disagree.

A prosecutor must prove every element of an offense of which the defendant is charged beyond a reasonable doubt. *People v Mette*, 243 Mich App 318, 326; 621 NW2d 713 (2000). "[I]t is well settled that identity is an element of every offense." *People v Yost*, 278 Mich App 341, 356; 749 NW2d 753 (2008). Identity may be established through direct or circumstantial evidence. See *People v Bass*, 317 Mich App 241, 264; 893 NW2d 140 (2016).

The prosecution presented substantial evidence identifying defendant as one of the shooters. Multiple independent bystander witnesses described the shooter as a Hispanic man wearing a white T-shirt and positioned at or near the driver's side of the vehicle. These

descriptions were consistent with surveillance video admitted at trial, which depicted a man matching that description fleeing the scene immediately after the shooting. The jury was able to view the video evidence and assess its consistency with the eyewitness testimony.

More significantly, multiple Latin Kings members who were present that evening testified that defendant was among the group that encountered Espinoza in the parking area, pursued his vehicle as it attempted to leave, and approached the driver's side immediately before gunfire erupted. These witnesses described defendant running with the group toward the stopped vehicle and firing in the direction of the driver's side door at close range. One witness further testified that defendant later acknowledged his involvement in the shooting. The jury was entitled to credit this testimony. *Hardiman*, 466 Mich at 428. In addition, the prosecution presented evidence that defendant left the country following the shooting and remained in Guatemala until extradited. Evidence of flight may be used to show consciousness of guilt. *People v McGhee*, 268 Mich App 600, 613; 709 NW2d 595 (2005).

Defendant emphasizes that some witnesses initially selected a different individual during early photo lineups and that certain witnesses were impeached at trial. However, the jury heard extensive testimony explaining that defendant was not included in early photo arrays because he was not yet a suspect and that he bore a strong physical resemblance to the individual initially identified. The jury also heard and considered impeachment evidence and inconsistencies in the witnesses' accounts. Defendant's arguments largely invite this Court to reweigh credibility and resolve conflicts in the evidence. These tasks are reserved to the jury and are impermissible on sufficiency review. *Hardiman*, 466 Mich at 428. Viewed in the light most favorable to the prosecution, the evidence was sufficient for a rational jury to conclude beyond a reasonable doubt that defendant was the shooter. Accordingly, defendant is not entitled to relief.

2. CONSPIRACY TO COMMIT FIRST-DEGREE MURDER

Defendant next argues that the evidence was insufficient to support his conviction for conspiracy to commit first-degree murder. We disagree.

"A criminal conspiracy is a partnership in criminal purposes, under which two or more individuals voluntarily agree to effectuate the commission of a criminal offense." *People v Jackson*, 292 Mich App 583, 588; 808 NW2d 541 (2011). Under MCL 750.157a, "[a]ny person who conspires together with 1 or more persons to commit an offense prohibited by law, or to commit a legal act in an illegal manner is guilty of the crime of conspiracy . . . ." "Conspiracy is a specific-intent crime, because it requires both the intent to combine with others and the intent to accomplish the illegal objective." *People v Mass*, 464 Mich 615, 629; 628 NW2d 540 (2001). Because conspiracies are often clandestine, direct evidence of an agreement is not required. *Jackson*, 292 Mich App at 588.

The evidence established that defendant was among a group of Latin Kings members who collectively identified Espinoza as a rival gang member. Witnesses testified that after someone in the Latin Kings pointed out Espinoza the group then pursued his vehicle. Several witnesses further testified that the group's intent was to retaliate against Espinoza and that defendant actively participated in that pursuit. The shooting itself occurred moments later and involved multiple individuals firing at the vehicle. From this evidence, a rational jury could conclude that defendant

and the other gang members formed at least a tacit agreement to retaliate violently against Espinoza and that the shooting was the natural and intended result of that agreement. *Mass*, 464 Mich at 629. The jury was not required to find evidence of a formal plan or explicit discussion of murder. *Jackson*, 292 Mich App at 588. The coordinated pursuit, shared gang affiliation, and collective participation in the shooting were sufficient to establish a conspiracy. *Id.*; see also MCL 750.157a. Accordingly, the evidence was sufficient to support defendant's conviction of conspiracy to commit first-degree murder.

## B. IMPROPER VOUCHING

Finally, defendant argues that he was denied a fair trial because a police detective improperly vouched for the credibility of the investigation.

Because defendant did not object at trial, this issue is reviewed for plain error affecting his substantial rights. *People v Swenor*, 336 Mich App 550, 562; 971 NW2d 33 (2021). To establish plain error, a defendant must establish that "1) error must have occurred, 2) the error was plain, i.e., clear or obvious, 3) and the plain error affected substantial rights . . . . i.e., that the error affected the outcome of the lower court proceedings." *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999). Even if the defendant establishes the first three elements, "reversal is only warranted if the error resulted in the conviction of an actually innocent defendant or seriously affected the fairness, integrity or public reputation of judicial proceedings." *People v Shafier*, 483 Mich 205, 220; 768 NW2d 305 (2009) (quotation marks and citation omitted).

It is a "well-established principle that it is improper for a witness or an expert to comment or provide an opinion on the credibility of another person while testifying at trial." *People v Douglas*, 496 Mich 557, 583; 852 NW2d 587 (2014) (quotation marks and citation omitted). This is so "because credibility matters are to be determined by the jury." *People v Dobek*, 274 Mich App 58, 71; 732 NW2d 546 (2007). Further, a nonexpert witness may testify in the form of an opinion if the opinion is both "rationally based on the perception of the witness" and "helpful to a clear understanding of the witness' testimony or the determination of a fact in issue." MRE 701.[1] This Court has established that a detective may describe the steps taken during an investigation and explain investigative decisions, provided that such testimony does not improperly bolster witness credibility or suggest that the jury should defer to the police's assessment of guilt. *People v Lowrey*, 342 Mich App 99, 113; 993 NW2d 62 (2022).

Here, the detective described what certain witnesses stated during the investigation and the sequence of events that led police to focus on defendant. Importantly, the detective did not testify that any witness was telling the truth, did not opine that any witness was credible, and did not state that defendant was guilty. Nor did the detective testify that he personally determined any witness was truthful or untruthful. Rather, his testimony was limited to recounting investigative steps and the substance of statements made during the investigation. Viewed in context, this testimony explained the progression of the investigation and responded to issues raised during cross-

---

[1] The Michigan Rules of Evidence were substantially amended on September 20, 2023, effective January 1, 2024. See ADM File No. 2021-10, 512 Mich lxiii (2023). We rely on the version of the rules in effect during defendant's October 2023 trial.

examination regarding witness credibility and prior statements. It did not invade the province of the jury by expressing an opinion on credibility. *Id*.

Even if we were to agree that error occurred, defendant cannot demonstrate that any alleged error affected the outcome of the proceedings. The prosecution presented substantial independent evidence of defendant's guilt, including eyewitness testimony, accomplice testimony, surveillance video, and evidence of flight. Accordingly, defendant has failed to establish plain error affecting his substantial rights.

Affirmed.

/s/ Anica Letica
/s/ Stephen L. Borrello
/s/ Michelle M. Rick